IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHIE BROWN, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:18-CV-1624 |
| WARDEN WHITE, LSCI ALLENWOOD | : | (Judge Caputo) |
| Respondent | : | |

**M E M O R A N D U M**

Richie Brown, an individual formerly housed at the Allenwood Low Security Correctional Institution (LSCI-Allenwood), in Allenwood, Pennsylvania, filed the instant *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He also submitted a memorandum and exhibits in support of his petition. (ECF Nos. 2 and 3.) Mr. Brown claimed the Bureau of Prisons (BOP) failed to properly consider him for placement in a Residential Reentry Center (RRC) pursuant to 18 U.S.C. §§ 3621 and 3624. Respondent filed a Response to the Petition. (ECF No. 8.) For the following reasons, the Court will dismiss the Petition.

**I.     Standard of Review**

The habeas statute upon which Mr. Brown relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A habeas corpus petition filed pursuant to 28 U.S.C. § 2241 is the

appropriate means for a federal inmate to challenge a BOP decision to limit or exclude their placement in an RRC.  See *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 – 44 (3d Cir. 2005).

II.     Background

In 2013, pursuant to a plea agreement, Mr. Brown entered a plea of guilty to possession of a firearm by a prohibited person, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in the United States District Court for the District of Delaware.  He was sentenced to a term of 90 months' imprisonment. (ECF Nos. 1, 2, 8 and 8-1.)

On October 5, 2017, Mr. Brown's Unit Team, pursuant to the Second Chance Act of 2007, individually reviewed and recommended him for RRC placement using the five-factor criteria found in 18 U.S.C. § 3621(b) and evaluating his public safety risk.  The BOP determined pursuant to the five factors set forth in 18 U.S.C. § 3621(b), Mr. Brown required only one to 90 days of pre-release RRC placement and that this period was sufficient for Mr. Brown's successful transition and re-entry into the community.  (ECF No. 8-1 at 50-55.)  The BOP considered the availability of bed space in Virginia Beach, Virginia.  (*Id.*)  Mr. Brown's offense conduct (multiple firearms violations while on supervised release) and public safety were weighed against the need for re-entry services.  (*Id.*)  Mr. Brown's criminal and institutional disciplinary records were also considered, which included transporting firearms across state lines while on federal probation as well as several disciplinary incidents (possessing a hazardous tool, possession of anything not authorized, lying or falsifying statement) within the last year.  (*Id.* at 46 and 51.)  With respect to the fourth and fifth factors, the BOP noted that there

was no RRC placement recommendation by the sentencing court found in Mr. Brown's file and no policy statements issued by the U.S. Sentencing Commission pertinent to his case. (*Id.*)

On December 11, 2017, Mr. Brown filed a motion with his sentencing judge seeking a recommendation of six months of RRC placement and six months of home confinement. See *USA v. Richie Louis Brown*, 12-CR-0026-RGA-1 (D. Del.), ECF No. 46.[1] On January 31, 2018, the United States District Court for the District of Delaware denied Mr. Brown's request. (*Id.* at ECF No. 48.)

The Institutional Referral for RRC Placement (Form BP-210) summarizes the BOP's specific release preparation plan for Mr. Brown:

> Inmate BROWN intends to reside in Virginia Beach, Virginia upon release. He does not have verified employment. Unit Team is recommending an RRC placement of 1-90 days and the full range of community programs. This recommendation is in accordance with the Second Chance Act, Woodall vs. Bureau of Prisons, and the criteria set forth in Program Statement 7310.04. Pursuant to the Second Chance Act, the Unit Team has determined the recommended placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

(ECF No. 8-1 at 55.) The Residential Reentry Manager, who is the final authority to determine placement based on bed space at the intended facility, gave Mr. Brown a March 20, 2019 placement date, equal to ninety days in an RRC, the upper end of his Unit Team's recommended range. (*Id.* at 57.)

Mr. Brown exhausted his administrative remedies concerning his claims prior to filing his habeas corpus petition. (ECF No. 8 at 2, n. 1.) As relief he seeks the Court

---

[1] The Court takes judicial notice of information gleaned from the docket in *USA v. Richie Louis Brown*, 12-CR-0026-RGA-1 (D. Del.), available through the federal court's online Public Access to Court Electronic Records (PACER) system at http://www.pacer.gov/ (last visited July 22, 2019).

recommend a six-month RRC placement based on the BOP's failure to properly investigate his Administrative Remedy challenging his RRC placement.

### III. Discussion

#### A. Mr. Brown's Petition is Now Moot.

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. If developments occur during a case which render the court unable to grant a party the relief requested, the case must be dismissed as moot. *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (citing *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-699 (3d Cir. 1996)).

Mr. Brown sought his immediate release to an RRC, argued that the BOP failed to properly consider all factors listed under 18 U.S.C. § 3621 in applying the Second Chance Act when determining the extent of time applicable for his RRC release date. (ECF No. 1.) As relief, he sought a court order for the BOP to perform a full review pursuant to 18 U.S.C. § 3621 and an order directing the BOP to provide him with a six-month placement in an RRC. (*Id.*)

At the time of filing his petition, Mr. Brown was incarcerated at LSCI-Allenwood and his projected release date, via good conduct time, was June 17, 2019. (ECF No. 8-1 at 36.) On March 13, 2019, when Respondent filed a response to his petition, Mr. Brown was scheduled for RRC placement on March 19, 2019, providing him the equivalent of ninety days in an RRC. (*Id.* at 50-55.) Mr. Brown did not file a reply in support of his petition. As of July 22, 2019, Mr. Brown was not in BOP custody. *See* https://www.bop.gov/inmateloc/ (last visited July 22, 2019). Mr. Brown has not notified

the Court of his change of address; the Court does not have a current address for Mr. Brown and is now unable to communicate with him.

Accordingly, because Mr. Brown is no longer in BOP custody, and he has already obtained the relief that he sought, the issues raised in the petition are now moot. See *Buczek v. Maiorana* 526 F. App'x 152, 153-54 (3d Cir. 2013) (citing *Demis v. Sniezak*, 558 F.3d 508, 513 (6th Cir. 2009)) (petition challenging RRC placement rendered moot upon release).

### B.    Alternatively, Mr. Brown's Claims are without Merit.

The BOP has the authority to determine inmate placements according 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) provides the authority to determine the location of an inmate's imprisonment. Pursuant to 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act, "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community corrections facility…"

In compliance with the Second Chance Act, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21 provides that a prisoner's maximum allowable time in an RRC placement is 12 months. See 28 C.F.R. § 570.21. Section 520.21 further provides that a prisoner's maximum allowable time in home confinement is "the shorter of ten percent of the inmate's term of imprisonment or six months." (*Id.*)

The regulations, however, do not set any minimum amount of time that a prisoner must spend at an RRC placement or home confinement. Section 520.22 requires the BOP to make pre-release community confinement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *See* 28 C.F.R. § 570.22. Furthermore, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months pre-release placement. *See* 18 U.S.C. § 3624(c); *Woodall,* 432 F.3d at 251 (stating that "the BOP may assign a prisoner to [an RRC placement] does not mean that it must").

Here, the Court agrees with Respondent. The BOP appropriately considered Mr. Brown for pre-release placement pursuant to 18 U.S.C. § 3621(b). Based upon the factors set forth in 18 U.S.C. § 3621(b), the BOP determined that a 1 – 90-day RRC placement would satisfy Mr. Brown's release needs. In fact, the BOP approved him for the upper recommended range, 90-days of RRC placement. There is no evidence that the BOP abused its discretion in making its determination. While Mr. Brown disagrees with the BOP's decision, he was properly considered for RRC placement, and thus no constitutional violation occurred.

## IV. Conclusion

For the foregoing reasons, Mr. Brown's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed.

An appropriate order follows.

**Date: July 23, 2019**       /s/ A. Richard Caputo
                                                                         **A. RICHARD CAPUTO**
                                                                         **United States District Judge**